HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM M HANKINS,<br><br>               Plaintiff,<br><br>    v.<br><br>US PROF-2014-S2 LEGAL TITLE TRUST, et al.<br><br>               Defendants. | CASE NO. C17-5142-RBL<br><br>ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>DKT. ##7, 9 |

THIS MATTER is before the Court on Defendants US ROF II Legal Title Trust 2015-1 and US PROF-2014-S2 Legal Title Trust's Motion to Dismiss Plaintiff Kim Hankins' Complaint [Dkt. #7] and Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss Hankins' Complaint [Dkt. #9]. Hankins *pro se* sued Defendants to stop their foreclosure of her property. She seeks (1) a declaratory ruling that ROF Trust, PROF Trust, and NWTS cannot non-judicially foreclose on her property in violation of the Washington Deed of Trust Act, and (2) quiet title to the property as against US ROF and US PROF because they commenced the foreclosure process over six years after she defaulted on her loan. *See* Dkt. #11 (Hankins Response) at 3; *see also* Dkt. #1 (Complaint). All Defendants argue Hankins' DTA claim is premature under *Frias v. Asset Foreclosure Services, Inc. at al.*, 181 Wn.2d 412, 334 P.3d 529 (2014), and *Titus v. Wells*

*Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 26271, *10 (W.D. Wash. March 2, 2016), which explain that DTA claims are non-justiciable unless brought after a foreclosure sale has taken place. US ROF and US PROF argue the limitations period to foreclose on Hankin's property has not passed because they did not accelerate her loan repayments. Hankins argues her DTA claim is timely because she only seeks declaratory relief, and ROF Trust and PROF Trust automatically accelerated her debt's maturation by commencing foreclosure proceedings.

## I. DISCUSSION

### A. Factual Background.

The facts are undisputed. Hankins bought her Shelton, WA property in 2006. Golf Savings Bank loaned her $238,500.00 secured by two deeds of trust: one for $212,000.00 and a junior one for $26,500.00. Hankins defaulted on the senior loan in November 2009, and has since remained in default.

NWTS was appointed successor trustee in July 2016. NWTS issued Hankins a notice of default a few days later and listed PROF Trust as the senior loan's beneficiary. In August 2016, PROF Trust informed Hankins it had sold the senior loan to ROF Trust. NWTS recorded notice of a trustee's sale of the property on November 22, 2016. It set a sale date of March 24, 2017.

Hankins sued in state court in January 2017. Defendants removed the case to this Court.

### B. Standard of Review.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content

that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**C.     DTA Claim.**

Hankins identifies a number of alleged deficiencies regarding the assignments of interests, appointments, and procedures used to initiate a nonjudicial foreclosure under the DTA. She claims the foreclosure is in the name of an improper beneficiary, the deed of trust was improperly split from the note securing her debt, the deed of trust was improperly assigned, the trustee does not have proof that the beneficiary is properly holding her note, the loan servicer sent her dishonest communications about meeting prior to foreclosure, the limitations period to foreclose on her property has expired, and the trustee failed to investigate these claims in good faith. Hankins seeks a declaration that Defendants violated the DTA and an injunction.

Defendants argue Hankins' claims are premature because they are non-justiciable until a foreclosure sale has occurred, and one has not. They rely on *Frias* and *Titus*.

"Under Washington law, a foreclosure sale is a prerequisite to bringing a DTA claim." *Titus*, 2016 U.S. Dist. LEXIS 26271, at *10 (citing *Frias*, 334 P.3d 529). "[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale." *Frias*, 334 P.3d at 537. A plaintiff also may not "seek injunctive relief by complaint [under the DTA] without first following relevant state law provisions, such as RCW 61.24.130"—the sole method to contest and enjoin a foreclosure sale. *Titus v. Wells Fargo Bank, N.A.*, No. 3:15-CV-05690-RJB, 2016 WL 807806, at *4 (W.D. Wash. Mar. 2, 2016) (citing *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137 (2007)).

A foreclosure sale has not yet occurred, so the Court agrees with the Defendants that Hankins' allegations they violated the DTA are premature. Her allegations support no plausible claim under the DTA upon which the Court could presently grant relief.

Moreover, courts routinely reject Hankins' "split the note" and "show me the note" theories for declaratory judgment. The Ninth Circuit has explained the "split the note theory"— the argument that if ownership of a deed of trust is split from ownership of the underlying promissory note, one or both becomes unenforceable and no party can foreclose—"has no sound basis in law or logic and should be rejected." *Abram v. Wachovia Mortg./Wells Fargo Bank FSB*, No. C12-1679-JLR, 2013 WL 1855746, at *2 (W.D. Wash. Apr. 30, 2013) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044–45 (9th Cir. 2011)). Courts in this district have also "universally held … there is no requirement that the foreclosing party show the borrower the original note" prior to foreclosing. *See id.* (citing *Petree v. Chase Bank*, No. C12-5548-RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012)).

1    Even had a foreclosure sale occurred, Hankins has alleged no facts suggesting her "split

2    the note" and "show me the note" arguments would be actionable here. The Court therefore

3    rejects these arguments for this reason too.

**D.    Claim for Quiet Title.**

Hankins seeks quiet title to her property, arguing ROF Trust and PROF Trust have commenced foreclosure proceedings after the limitations period to do so had expired. ROF Trust and PROF Trust argue that because the deed of trust is an installment contract, Washington's six-year limitations period runs from the date each installment becomes due, suggesting the limitations period has not passed. Hankins asks for leave to amend her complaint to allege that when ROF Trust and PROF Trust commenced foreclosure proceedings they accelerated the maturation of her debt, and so the limitations period to collect on some of the debt has passed.

A deed of trust is a written installment contract subject to Washington's six-year limitations period. *See* RCW 4.16.040 (2012) (governing deeds of trust). Each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144–45 (1945); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012–13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the

note matures or a lender unequivocally accelerates the note's maturation. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434–35, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). It also occurs at the payment owed immediately prior to the discharge of a borrower's personal liability in bankruptcy, because after discharge, a borrower no longer has forthcoming installments that he must pay. *See Edmundson*, 194 Wn. App. at 931; *see also Silvers v. U.S. Bank Nat. Ass'n*, 2015 WL 5024173, at *4.

Acceleration is the lender's prerogative. In Washington, "acceleration does not occur automatically by invoking the power of sale." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 444, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017). Rather, it "must be made in a clear and unequivocal manner [that] effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Glassmaker v. Ricard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979).

Hankins has not alleged, nor has she requested leave to amend her complaint to allege, that either ROF Trust or PROF Trust unequivocally notified her that it was accelerating her debt's maturation. She instead argues acceleration automatically occurs when foreclosure proceedings commence—an interpretation contrary to Washington law. She therefore lacks sufficient factual and legal support for her argument that the limitations period to enforce the deed of trust has expired. She cannot sustain a claim for quiet title under the facts alleged.

## II. CONCLUSION

Defendants' Motions to Dismiss are GRANTED [Dkt. #7, 9]. Hankins' claims against Defendants ROF Trust, PROF Trust, and NWTS are dismissed. However, Hankins may have

1 | leave to file a plausible claim for relief within 21 days of the date of this Order. If she does not
2 | amend her complaint, the case will be closed at that time.
3 |     IT IS SO ORDERED.
4 |     Dated this 9th day of May, 2017.

                                                                                    _____

Ronald B. Leighton
United States District Judge