The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINIGTON
# AT TACOMA

| | |
|---|---|
| KIM M. HANKINS, a single person,<br>                    Plaintiff,<br>       v.<br><br>US ROF II LEGAL TITLE TRUST 2015-1, by US BANK NATIONAL ASSOCIATION, as Legal Trustee,<br><br>US PROF-2014-S2 LEGAL TITLE TRUST, by US BANK NATIONAL ASSOCIATION, as Legal Trustee,<br><br>and<br><br>NORTHWEST TRUSTEE SERVICES,  INC., a Washington Corporation,<br>                    Defendants. | Case No: 3:17-cv-05142.<br><br>PLAINTIFF RESPONSE TO US BANK JOINT MOTION FOR DISMISSAL<br><br><br>Motion Calendar:  July 21, 2017 |

This response is to the current motion for 12.(B)(6) dismissal, brought jointly by each Defendant, US Bank.

Plaintiff's Response to US Bank's                Page -1-                **KIM HANKINS**
Joint Motion For Dismissal                                               1418 Patterson Street
                                                                         Anchorage, Alaska 98513
                                                                         (907) 351-557

**Standard of Proof**

According to Washington Rules of Practice, Volume 3A, the standard of proof needed for a defendant to win a CR 12(b)(6) motion is "beyond a reasonable doubt." In addition to this, all factual allegations of the complaint are to be accepted as true.

> For purposes of deciding defendant's motion, all of the factual allegation in the complaint will be accepted as true. <u>Dennis v. Heggen</u>, 35 Wash App. 432, 667 P.2d 131(Div. 1, 1983). The motion will be granted only if it appears <u>beyond reasonable doubt</u> that the plaintiff could prove no facts consistent with the complaint that would entitle the plaintiff to the relief requested. <u>Orwick v. City of Seattle</u>, 103 Wash. 2d 249, 692 P.2d 793 (1984). [Tegland -Page 280]

The importance of the above standard is that it overrides virtually all of the arguments made by Defendants' attorney. In a nutshell, Defendant is arguing on a factual basis that because there has been no proof of actual "acceleration of the debt," I have no ability to maintain my action (same argument as before). The problem with the attorney's argument is that it misconstrues the newly included fact that my amended complaint does allege the acceleration of the debt. Granted I wrote that I received the Bank's "notice of intent to accelerate;" However, I used this language because that was the title of the document that I initially received by Bank of America – thus I thought it was proper "legaleze." For the Defendants to now claim that this verbiage does not articulately satisfy the allegation of acceleration, they are engaging in an argument far too hyper-technical in nature for the situation at hand. There is plenty of case law that discusses the "artfulness of pleadings;" the bottom line is that complaints do not have to use wording that is technically perfect and exact in the eyes of the defendant. Rather plaintiff's only need to sufficiently provide the defendants, and the court, with an adequate foundation as to the nature of the claims and the facts upon which they rely. Stating that I received the notice of intent, from the prior debt owner (Bank of America) is clearly sufficient to provide the foundation as to the nature of my claims. This is made further

clear by the fact that the entire brief of the Defendant verifies that they fully understand the nature of my claims.  I have given the Defendants and the court more than an adequate "reasonable inference" of my claims . . . and my complaint provides more than "merely conclusory, unwarranted deductions " that demonstrate "more than a sheer possibility" that I am justified so some relief (quotes as noted in Defendant's brief).  I further point out that "unartful" pleadings is not just an issue for Pro Se Plaintiffs; Attorney for the Defendants states "[t]he Plaintiff must allege that the Senior Loan was accelerated in accordance with the terms of the Deed of Trust . . . ." (page 8 line 27).  Presumptively he means in accordance with the terms of the Promissory Note [not Deed of Trust]; never-the-less, I understand his meaning, and as such, I am not justified turning this into a factual argument over semantics – but I do not agree that the required level of pleading-construction needs to be so specific.

> Underlying the construction of any pleading in a Federal District court is the principle that pleadings must be so construed as to do substantial justice.  To this end, a complaint is to be liberally construed in favor of the pleader, with the benefit of all proper inferences being given to him or her. (Am Jur. 2d, 61A §108 pg. 114, footnoting *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975))

. The attorney for the defendants is trying to hold me to an unfair standard.   He is trying to turn this CR(12)(b)(6) motion into a factual-sufficiency argument surrounding the issuance of BOA's initial Notice of Intent to Accelerate.  Again, the Defendants fully and clearly understand the entire nature and foundation of my claim (that it substantial justice), they are just trying to argue now that my claims do not prove that the Bank intentionally acted upon the Notice of Intent to Accelerate.  Such an argument of factual sufficiency is a matter for discovery and trial – or at least summary judgment.  Either way, it should not be determined prior to the defendants ever having to answer the complaint.

The irony of all of this is that throughout Defendant's brief, the one issue that is not directly denied is that Bank of America actually did accelerate my debt. Instead, the attorney

| Plaintiff's Response to US Bank's<br>Joint Motion For Dismissal | Page -3- | **KIM HANKINS**<br>1418 Patterson Street<br>Anchorage, Alaska 98513<br>(907) 351-557 |
|---|---|---|

attacks the factual sufficiency of my pleadings so that he defendants do not have to admit any matters in their own pleadings.  I am certain that Bank of America accelerated my debt because it was that acceleration that caused BOA and I to engage in over six months of modification discussions.   I regret that I can no longer find the copy of the Notice of Intent to Accelerate that I received from BOA, but I am none-the-less certain that I received one.   After the court's prior ruling, I contacted BOA to get a copy; two and a-half weeks later they responded by only sending me my payment history and thereafter claimed that they are no longer keeping the official records, but all such records were sent to Faye Servicing (the new loan servicer).   This is highly concerning for me because as I stated in my complaint, when I previously wrote Faye Servicing for simple verifying documents, they responded by telling me such documents were "privileged and confidential." (See Exhibit A).   When I wrote them back stating that there was no trade secrets or other "privileged" components, and further that there is nothing confidential to me as the primary interested party, they responded by saying they had already supplied their answer and would not discuss it any further.   This was all alarming to me because it clearly showed is that the loan servicer was willing to be dishonest and deceptive about the nature and status of my file. On top of that, the Defendantss attorney are now claiming that I cannot maintain my case because technically I cannot verify the complete actions of BOA.    THIS IS ALL UNFAIR.   I have been lied to, I have been mistreated, and I have been denied any and all verification of claims made by the Defendants and their loan servicer.   In response I need discovery so that I can sufficiently unravel the true nature of my loan and why it has been bought and sold several times over the past couple of years.    I also note that my "modification discussions" with BOA ended when BOA told me that they transferred my loan to Fannie Mae  (see attached Exhibit B).   This of course is further perplexing because according to the Defendants they received the debt directly from BOA – which absolutely cannot be true.

Plaintiff's Response to US Bank's             Page -4-                      **KIM HANKINS**
Joint Motion For Dismissal                                                  1418 Patterson Street
                                                                            Anchorage, Alaska 98513
                                                                            (907) 351-557

In short, the attorney for the Defendants is essentially arguing that even though he fully understands the full nature of my claim, and the full nature of the facts upon which it relies, (that BOA provided me with its Notice of Intent to Accelerate), I shouldn't be able to have my right to a court action because I currently don't have sufficient proof to verify the banks initial actions. Again, this a factual sufficiency question, not a "sufficiency of pleadings" question, and it clearly goes beyond the scope of this motion.

> For purposes of considering a motion to dismiss, the analysis is limited to a determination of the sufficiency of the complaint under rule 8(a). (Am Jur. 2d, 61A §108 pg. 116.

I will be able to satisfy the factual sufficiency matters once I have access to legal discovery. However, I don't have it now because all I have ever received from the defendants is deception (on the part of Faye Servicing) and hyper-technical avoidance on the part of their attorneys. Equitable fairness should prevail and I should be allowed to continue with this case in order to establish the truth behind this loan. If not . . . then the law will be encouraging banks to engage in a cloak and dagger routine, and thereafter follow it up by legally badgering pro se plaintiffs who cannot afford an attorney, and otherwise have a fair chance. (This is not substantial justice.) Maintaining my complaint and providing me the right to seek discovery is both legally justified and equitably justified. I ask that the court rule in my favor and dismiss defendants' motion..

**Purpose of the Uniform Declaratory Judgment Act  (Alternative) Claim**

Defendant's attorney claims that my optional claim concerning Chapter 7.24 RCW (Uniform Declaratory Judgements Act – UDJA) is simply a mirror of my initial request to invalidate the foreclosure. It is not; it is similar (because the underlying facts don't change), but the claim itself is legally different. The court's prior ruling said I cannot preempt and enjoin a non-judicial foreclosure except for under specific circumstances -- which I cannot afford. As

such I am no longer asking to enjoin or cancel the non-judicial foreclosure.  If Defendants wish to pursue the foreclosure (which is still in the wrong name, etc.), then I will simply file a complaint after the foreclosure is concluded – I will ten seek to declare it void, and further seek any possible damages to which I may be justified.

The reason why I switched from the Deed of Trust Act to the UDJA is that the UDJA grants the court the right to determine the sufficiency of legal documents that may affect my rights.

**RCW 7.24.010 - Authority of courts to render.**
Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

**RCW 7.24.020 - Rights and status under written instruments, statutes, ordinances.**
A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

RCW 7.24.010 grants the court the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed."   According to RCW 7.24.020 a Plaintiff "interested under a deed . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the instrument, statute . . . [or] contract . . . and obtain a declaration of rights, status or other legal relations hereunder.

Simply put, if I am unable to prove the full acceleration of the debt through discovery, then there are still some payments under the note that have been outlawed by the Statute of Limitations.  In addition to this, there are other potential costs outlawed as well: such as

interest, escrow holds, etc.   Because some of the debt from the promissory note (a contract secured by a deed of trust), may be outlawed, they therefore affect my rights in relation to the property.  As such, I meet all the requirements of the Uniform Declaratory Judgment Act, and I therefore have the right to have any valid question of construction or validity determined by the court.   It is clear, even from the Defendants, that some of the debts and costs fall outside of the Statue of Limitations, therefor I have the legal right to have the court determine which amount of the debt is actually outlawed and no longer owing.

How much debt is barred by the SOL has great bearing on my rights moving forward.  Being that the entire "second-lien" debt has been satisfied (and the second lien deed of trust reconveyed), the cumulated amount of first–lien debt is very important.   Depending on the amount of debt that is barred by the SOL, I have better options of selling the property or engaging in other actions – including a possible refinance or modification of the debt.  In addition to the Statute of Limitations, the Deed of Trust Act also makes it clear that the monetary amount of the foreclosure has to be itemized, verified, and correct (RCW 61.24.030(8)(d)&(e)).  Therefore it is important under this statue that the obligations pertaining to partial outlawed debts be judicially determined.

In order to determine how much debt and related costs is outlawed, the court also needs to determine whether the e current Notice of Foreclosure is lawful or not.    If the current foreclosure is lawful, then the court needs to determine the specific initiation date of the foreclosure (July or November 2016).  This is important because the date triggers the cut-off to the statute of limitations.  If, however, the court determines that the current foreclosure is not lawful (and therefore cannot be deemed as a lawful enforcement of the debt), then there has been no cutoff to the current statute of limitations, and therefore more debts and costs have been (and continue to be) outlawed by the Statute.

**Conclusion:**

A complaint should not be dismissed for insufficiency except where it appears to a certainty that the claim for relief therein asserted could not be sustained under any set of facts which could be proved in support of it. (Am Jur. 2d, 61A §108 pg. 115, footnoting *Carroll v. Morison Hotel Corp.*, 149 F.2d 404 (7th Cir 1945.))

I am certain that the Bank of America accelerated the debt and the allegations of my complaint now support the claim that I believe the debt was accelerated.

Unfortunately, I am not as certain (based on past actions) that I will be able to get the documentation to prove this through discovery. If such is the case, then I am still allowed under the UDJA to have the court determine the correct amount of debt, and the correct amount of additional costs, that remains owing on the note (and therefore subject to the deed of trust.) So, not only is my primary cause of action valid in this matter, I have also have a valid alternative cause of action as well. Being that plaintiffs are allowed to plead alternative theories based on unknown potential facts, I ask the court uphold both actions at this time until I am able to complete discovery.

Respectfully submitted this July 10 2017.

_____
Kim M. Hankins   Plaintiff / Pro Se

Plaintiff's Response to US Bank's Joint Motion For Dismissal

Page -8-

KIM HANKINS
1418 Patterson Street
Anchorage, Alaska 98513
(907) 351-557



September 11, 2015

Kim Hankins
1418 Patterson St.
Anchorage, AK 99504

RE:         Account Number:        000113513
            Property Address:      50 W. Honeysuckle Ln, Shelton, WA 98584

Dear Ms. Hankins:

We received your letter dated September 3, 2015 regarding the above-referenced account. In your letter, you stated we did not provide the name of the new creditor.

Enclosed is a copy of the 404 Notice of Sale. Please note this is a federally mandated letter that is intended to provide you accurate information on who is the owner of the account. On the second page under "NEW CREDITOR INFORMATION", we listed the new creditor as PROF-2014-S2 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee. Fay Servicing, LLC acts on the creditor's behalf to process payments, accept phone calls, and respond to correspondence, among other fiduciary responsibilities.

We are not required to produce confidential or proprietary information, including servicing agreements; however, the Notice provides ample information on our separate responsibilities.

Also enclosed is our Borrower's Assistance Package (BAP), which you may complete and return to be considered for potential loss mitigation options. Please note we cannot guarantee whether you will be approved for a loss mitigation option; however, once we receive a complete package, we will fully evaluate the account.

We trust this answers your questions. If you have any additional questions, please contact your personal account manager, Rosalind Jackson, at 312-610-7062, or at rjackson@fayservicing.com.

Sincerely,

Compliance Department
Fay Servicing, LLC

Fay Servicing is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. **NMLS ID #88244.**

**Exhibit A -- Let from Fay Servicing**

P.O. Box 809441   •   Chicago, IL 60680-9441   •   Telephone: 800.495.7166

**Bank of America**
**Home Loans**

Customer Service Department, CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062-5170

C3_1919 Investor Inquiry_SFO_GSE 14274 11/18/2011

*[Handwritten: Shelton 12-12-13  Request received from BOA who is investor or owner.]*

**Notice Date:** December 12, 2013

Kim M Hankins
1418 Patterson St
Anchorage, AK  99504

**Account No.:** 128525782

**Property Address:**
50 W Honeysuckle Lane
Shelton, WA  98584

### ABOUT YOUR HOME LOAN

Thank you for your recent inquiry regarding the investor, or owner of your loan.

### WHAT YOU SHOULD KNOW

It is important that you understand the difference between the investor and the servicer of your loan:

- The servicer collects your mortgage payments, sends your billing statements, and provides the day-to-day servicing of your account on the investor's behalf.
- The investor owns your loan.

### SERVICER INFORMATION

The loan servicer's role is to collect your mortgage payments, send billing statements, and provide day-to-day servicing of your account on the investor's behalf.  Most inquiries and requests for your loan should be handled through your loan servicer Bank of America, N.A..

Bank of America, N.A. is authorized to handle most requests.  In cases where Bank of America, N.A. does not have authority to make decisions or otherwise act independently on the investor's behalf in response to your request, Bank of America, N.A. will gather relevant information from you, consult with the investor about your request and communicate the decision.

If you have any questions regarding your loan or the servicing of your loan, you should always contact the servicer first at the telephone number or mailing address noted below.

**Servicer's Name:**     Bank of America, N.A.
Servicer's Mailing Address **(for correspondence other than payments)**:

> Customer Service Department, CA6-919-01-41
> PO Box 5170
> Simi Valley, CA  93062-5170

Servicer's Telephone Number:     1-800-669-6650

This communication is from Bank of America, N.A., the servicer of your home loan.

**Exhibit B  - Letter from BOA stating FANNIE MAE  is new Debt Owner**

Please write your account number on all checks and correspondence.

Please continue to send your loan payments to Bank of America, N.A. at the address below to ensure they are applied to your account.

Payment Processing, PO Box 650070
Dallas, TX 75265-0070

**INVESTOR INFORMATION**

The investor, or owner of your loan, is the person or entity that is entitled to repayment of the loan. We've provided your investor information below for your reference. Please note that you should not send payments to your investor and that most inquiries and requests should be handled through your loan servicer as indicated above.

Investor's Name:  Fannie Mae

Investor's Mailing Address:  3900 Wisconsin Avenue, NW
Washington, DC 20016-2892
800-732-6643

Investor's Telephone Number:

If you need further assistance, please call 1-800-669-6650.

We appreciate the opportunity to serve your home loan needs.

Marion Bell
Home Loan Team
Bank of America, N.A.

Exhibit B  - Letter from BOA stating FANNIE MAE  is new Debt Owner