UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIM M HANKINS,

                 Plaintiff,

     v.

US PROF-2014-S2 LEGAL TITLE
TRUST, et al.,

               Defendants.

CASE NO. C17-5142RBL

ORDER GRANTING MOTION TO
DISMISS

THIS MATTER is before the Court on Defendants' motion[1] to dismiss [Dkt. #18]. The
Court previously permitted Hankins to amend her complaint to allege a plausible claim [Dkt.
#15]. She attempted to do so [Dkt. #16]. Defendants seek dismissal again, arguing that Hankins's
three claims against them depend on her plausibly pleading that they accelerated her debt to

---

[1] The moving defendants are: U.S. ROF II Legal Title Trust 2015-1, by U.S. Bank National
Association, as Legal Title Trustee (erroneously sued herein as US ROF II LEGAL TITLE
TRUST 2015-1, by US BANK NATIONAL ASSOCIATION, as Legal Trustee) and PROF-
2014-S2 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee
(erroneously sued as US PROF-2014-S2 LEGAL TITLE TRUST, by US BANK NATIONAL
ASSOCIATION, as Legal Trustee). The remaining defendant has already been dismissed. [Dkt.
#23]

them—absent acceleration her "foreclosure is time-barred" (or limitations period) claims fail as a matter of law and must be dismissed.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The limitations period on an installment note does not begin to run—a claim to enforce the note does not accrue—until the note either matures or is accelerated by the creditor. *See Edmundson v. Bank of America, N.A.*, No. 740116-4-I I (Washington Court of Appeals Division I, July 11, 2016). Where a contract instead calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due. *See* 25 Washington Practice §16:20 at 196 (2012-13 Supp.). There is no plausible claim that either has occurred here.

Defendants' Motion to Dismiss Hankins' first and second claims is GRANTED and those claims are dismissed. Because Hankins has already amended once, and because it is clear that she cannot plausibly plead that Defendants accelerated her debt to them, leave to amend again is DENIED and the dismissal is with prejudice.

Defendants also seek dismissal of Hankins' third, related declaratory judgment claim, asking the court to declare that installment loan payments that she has not made for more than six years are not enforceable, even by foreclosure. That is not the law, and as the Defendants point out, would not be good policy. That claim too is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 31st day of August, 2017.


Ronald B. Leighton
United States District Judge